ANTHONY L. PRESS (CA SBN 125027)
APress@mofo.com
SCOTT C. MOORE (CA SBN 203181)
SMoore@mofo.com
MORRISON & FOERSTER LLP
555 West Fifth Street, Suite 3500
Los Angeles, California 90013-1024
Telephone: 213.892.5200
Facsimile: 213.892.5454

JENNIFER LEE TAYLOR (CA SBN 161368)
JTaylor@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant and Counterclaimant
NUVASIVE, INC.

BROWNE WOODS GEORGE LLP
Peter W. Ross (SBN 109741)
*pross@bwgfirm.com*
Keith J. Wesley (SBN 229276)
*kwesley@bwgfirm.com*
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
Tel: 310.274.7100 / Fax: 310.275.5697

Attorneys for Plaintiff and Counter-Defendant
NEUROVISION MEDICAL PRODUCTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| NEUROVISION MEDICAL PRODUCTS, INC.,<br><br>                    Plaintiff,<br><br>          v.<br><br>NUVASIVE, INC. and DOES 1 THROUGH 10, INCLUSIVE,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:09-cv-6988-R(JEMx)<br><br>**STIPULATED PROTECTIVE ORDER** |

[PROPOSED] STIPULATED PROTECTIVE ORDER

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4     "Highly Confidential -- Outside Counsel Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to

[PROPOSED] STIPULATED PROTECTIVE ORDER

244091_1.DOC

another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -- Outside Counsel Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential -- Outside Counsel Only."

2.9   Outside Counsel: Attorneys who are retained to represent or advise a Party in this action (as well as their support staffs).

2.10   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant. Moreover, the expert witness or consultant may not be a current employee or anticipated to become an employee of any entity who is a Competitor of the Party adverse to the Party engaging the expert witness or consultant.

2.11   Competitor:  For purposes of this Stipulation and Order, the following companies (as well as their affiliates and related entitles) constitute competitors of NuVasive:  Medtronic Sofamor Danek, Johnson & Johnson,

2

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   Synthes, Stryker and Zimmer.  For purposes of this Stipulation and Order, the

2   following companies (as well as their affiliates and related entities) constitute

3   competitors of Neurovision Medical Products, Inc.: Medtronic – Surgical

4   Technologies Division, Magstim International, Sense Medical, Inomed, and

5   Cadwell Laboratories.

6          2.12   <u>Professional Vendors</u>: persons or entities that provide litigation

7   support services (e.g., photocopying; videotaping; translating; preparing exhibits or

8   demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

9   and their employees and subcontractors.

10         3.   <u>SCOPE</u>

11         The protections conferred by this Stipulation and Order cover not only

12  Protected Material (as defined above), but also any information copied or extracted

13  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

14  testimony, conversations, or presentations by parties or counsel to or in court or in

15  other settings that might reveal Protected Material.

16         4.   <u>DURATION</u>

17         Even after the termination of this litigation, the confidentiality obligations

18  imposed by this Order shall remain in effect until a Designating Party agrees

19  otherwise in writing or a court order otherwise directs.

20         5.   <u>DESIGNATING PROTECTED MATERIAL</u>

21         5.1   <u>Exercise of Restraint and Care in Designating Material for</u>

22  <u>Protection</u>. Each Party or non-party that designates information or items for

23  protection under this Order must take care to limit any such designation to specific

24  material that qualifies under the appropriate standards. A Designating Party must

25  take care to designate for protection only those parts of material, documents, items,

26  or oral or written communications that qualify – so that other portions of the

27  material, documents, items, or communications for which protection is not

28  warranted are not swept unjustifiably within the ambit of this Order.

3          [PROPOSED] STIPULATED PROTECTIVE
           ORDER

1    Mass, indiscriminate, or routinized designations are prohibited.

2    Designations that are shown to be clearly unjustified, or that have been made for an

3    improper purpose (e.g., to unnecessarily encumber or retard the case development

4    process, or to impose unnecessary expenses and burdens on other parties), expose

5    the Designating Party to sanctions.

6    If it comes to a Party's or a non-party's attention that information or

7    items that it designated for protection do not qualify for protection at all, or do not

8    qualify for the level of protection initially asserted, that Party or non-party must

9    promptly notify all other parties that it is withdrawing the mistaken designation.

10   5.2   <u>Manner and Timing of Designations</u>. Except as otherwise

11   provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

12   otherwise stipulated or ordered, material that qualifies for protection under this

13   Order must be clearly so designated before the material is disclosed or produced.

14   Designation in conformity with this Order requires:

15   (a)   <u>for information in documentary form</u> (apart from

16   transcripts of depositions or other pretrial or trial proceedings), that the Producing

17   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

18   OUTSIDE COUNSEL ONLY" at the top or bottom of each page that contains

19   protected material. If only a portion or portions of the material on a page qualifies

20   for protection, the Producing Party also must clearly identify the protected

21   portion(s) (e.g., by making appropriate markings in the margins) and must specify,

22   for each portion, the level of protection being asserted (either "CONFIDENTIAL"

23   or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY").

24   A Party or non-party that makes original documents or materials

25   available for inspection need not designate them for protection until after the

26   inspecting Party has indicated which material it would like copied and produced.

27   During the inspection and before the designation, all of the material made available

28   for inspection shall be deemed "HIGHLY CONFIDENTIAL -- OUTSIDE

COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page

1   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE

2   COUNSEL ONLY," as instructed by the Party or nonparty offering or sponsoring

3   the witness or presenting the testimony.

4                    (c)     for information produced in some form other than

5   documentary, and for any other tangible items, that the Producing Party affix in a

6   prominent place on the exterior of the container or containers in which the

7   information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

8   CONFIDENTIAL -- OUTSIDE COUNSEL ONLY." If only portions of the

9   information or item warrant protection, the Producing Party, to the extent

10  practicable, shall identify the protected portions, specifying whether they qualify as

11  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

12  ONLY."

13           5.3   Inadvertent Failures to Designate. If timely corrected, an

14  inadvertent failure to designate qualified information or items as

15  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

16  ONLY" does not, standing alone, waive the Designating Party's right to secure

17  protection under this Order for such material. If material is appropriately designated

18  as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL

19  ONLY" after the material was initially produced, the Receiving Party, on timely

20  notification of the designation, must make reasonable efforts to assure that the

21  material is treated in accordance with the provisions of this Order.

22       6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

23           6.1   Timing of Challenges. Unless a prompt challenge to a

24  Designating Party's confidentiality designation is necessary to avoid foreseeable

25  substantial unfairness, unnecessary economic burdens, or a later significant

26  disruption or delay of the litigation, a Party does not waive its right to challenge a

27  confidentiality designation by electing not to mount a challenge promptly after the

28  original designation is disclosed.

6       [PROPOSED] STIPULATED PROTECTIVE
                                                 ORDER

1          6.2    Procedure For Challenging Designation. A Party that elects to

2  initiate a challenge to a Designating Party's confidentiality designation must do so

3  by the procedure set forth in Local Rule 37..  The burden of persuasion in any such

4  challenge proceeding shall be on the Designating Party.  Until the Court rules on

5  the challenge, all parties shall continue to afford the material in question the level of

6  protection to which it is entitled under the Producing Party's designation.

7          6.3    Procedure—Requesting Permission to Disclosure HIGHLY

8  CONFIDENTIAL – OUTSIDE COUNSEL ONLY Materials to Party.  If a Party's

9  Outside Counsel determines that his or her ability to provide the Party with a full

10  and robust representation in this matter has been hindered because the Outside

11  Counsel is unable to disclose information that has been designated HIGHLY

12  CONFIDENTIAL -- OUTSIDE COUNSEL ONLY to that Party, Outside Counsel

13  may seek permission to disclose the information to that Party by the procedure set

14  forth in Local Rule 37.  Until the Court rules on the challenge, all parties shall

15  continue to afford the material in question the level of protection to which it is

16  entitled under the Producing Party's designation.

17      7.    ACCESS TO AND USE OF PROTECTED MATERIAL

18          7.1    Basic Principles. A Receiving Party may use Protected Material

19  that is disclosed or produced by another Party or by a non-party in connection with

20  this case only for prosecuting, defending, or attempting to settle this litigation. Such

21  Protected Material may be disclosed only to the categories of persons and under the

22  conditions described in this Order. When the litigation has been terminated, a

23  Receiving Party must comply with the provisions of section 11, below (FINAL

24  DISPOSITION).

25          Protected Material must be stored and maintained by a Receiving Party

26  at a location and in a secure manner that ensures that access is limited to the

27  persons authorized under this Order.

28

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel and in-house counsel, as well as employees of said Outside Counsel and in-house counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Board members, officers and directors of the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit  A);

(d)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)     the author and recipients of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f) the author and recipients of the document or the original source of the information.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- OUTSIDE COUNSEL ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the

9

[PROPOSED] STIPULATED PROTECTIVE ORDER

1   subject of this Protective Order. In addition, the Receiving Party must deliver a

2   copy of this Stipulated Protective Order promptly to the Party in the other action

3   that caused the subpoena or order to issue.

4        The purpose of imposing these duties is to alert the interested parties to

5   the existence of this Protective Order and to afford the Designating Party in this

6   case an opportunity to try to protect its confidentiality interests in the court from

7   which the subpoena or order issued. The Designating Party shall bear the burdens

8   and the expenses of seeking protection in that court of its confidential material –

9   and nothing in these provisions should be construed as authorizing or encouraging a

10  Receiving Party in this action to disobey a lawful directive from another court.

11       9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

12       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13  Protected Material to any person or in any circumstance not authorized under this

14  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

15  writing the Designating Party of the unauthorized disclosures, (b) use its best

16  efforts to retrieve all copies of the Protected Material, (c) inform the person or

17  persons to whom unauthorized disclosures were made of all the terms of this Order,

18  and (d) request such person or persons to execute the "Acknowledgment and

19  Agreement to Be Bound" that is attached hereto as Exhibit A.

20       10.   FILING PROTECTED MATERIAL. Without written permission from

21  the Designating Party or a court order secured after appropriate notice to all

22  interested persons, a Party may not file in the public record in this action any

23  Protected Material. A Party that seeks to file under seal any Protected Material must

24  comply with Local Rule 79-5.

25       11.   FINAL DISPOSITION. Unless otherwise ordered or agreed in writing

26  by the Producing Party, within sixty days after the final termination of this action,

27  each Receiving Party must return all Protected Material to the Producing Party. As

28  used in this subdivision, "all Protected Material" includes all copies, abstracts,

244091 1.DOC
                                          10        [PROPOSED] STIPULATED PROTECTIVE
                                                     ORDER

compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.    MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Inadvertent Production of Privileged Documents.  If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of

1  any privilege, and the producing party may give written notice to the receiving

2  party that the document or information produced is deemed privileged and that

3  return of the document or information is requested. Upon receipt of such notice, the

4  receiving party shall immediately gather the original and all copies of the document

5  or information of which the receiving party is aware, in addition to any abstracts,

6  summaries, or descriptions thereof, and shall immediately return the original and all

7  such copies to the producing party. Nothing stated herein shall preclude a party

8  from challenging an assertion by the other party of privilege or confidentiality.

9

10  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11  Dated:      March      , 2010               ANTHONY L. PRESS
                                                JENNIFER LEE TAYLOR
12                                              SCOTT C. MOORE
                                                MORRISON & FOERSTER LLP
13

14

15                                              By: _____
                                                     Scott C. Moore
16
                                                Attorneys for Defendant and
17                                              Counterclaimant
                                                NUVASIVE, INC.

18  Dated:      March      , 2010               BROWNE WOODS GEORGE LLP

19

20                                              By: _____
                                                     Keith J. Wesley
21

22                                              Attorneys for Plaintiff and Counter-
                                                Defendant
23                                              NEUROVISION MEDICAL
                                                PRODUCTS, INC.

24

25

26

27

28

244091\1.DOC                        12          [PROPOSED] STIPULATED PROTECTIVE
                                                ORDER

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2  Dated:     March  29, 2010

3

4                              By: _____
                                    Hon. Manuel L. Real

5                                   UNITED STATES DISTRICT
                                    JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2440911.DOC

13                    [PROPOSED] STIPULATED PROTECTIVE
                      ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Neurovision Medical Products, Inc. v. NuVasive, Inc.*, Case No. 2:09-cv-6988-R(JEMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER