RINCON VENTURE LAW GROUP
K. Andrew Kent (SBN 130097)
akent@rincongroup.com
2815 Townsgate Road, Suite 215
Westlake Village, CA 91361
Tel: 805.557.0580 / Fax: 805.557.0480

BROWNE WOODS GEORGE LLP
Peter W. Ross (SBN 109741)
pross@bwgfirm.com
Benjamin D. Scheibe (SBN 101327)
bscheibe@bwgfirm.com
Keith J. Wesley (SBN 229276)
kwesley@bwgfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, CA 90067
Tel: 310.274.7100 / Fax: 310.275.5697

Attorneys for Plaintiff and Counter-Defendant
NEUROVISION MEDICAL PRODUCTS, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROVISION MEDICAL PRODUCTS, INC.,<br><br>              Plaintiff,<br><br>       vs.<br><br>NUVASIVE, INC. and DOES 1 through 10, Inclusive,<br><br>              Defendants. | Case No. 09-CV-6988 R (JEMx)<br><br>**SUPPLEMENTAL DECLARATION OF KEITH J. WESLEY IN SUPPORT OF PLAINTIFF NEUROVISION MEDICAL PRODUCTS, INC.'S MOTIONS *IN LIMINE***<br><br>Date: September 20, 2010<br>Time: 10:00 a.m.<br>Dept: Courtroom 8<br><br>Discovery Cutoff Date: 8/2/2010<br>Pretrial Conference: 8/23/2010<br>Trial Date: 9/21/2010 |
| AND RELATED COUNTERCLAIMS. | |

257468_1.DOC

SUPPLEMENTAL DECLARATION OF KEITH J. WESLEY IN SUPPORT OF PLAINTIFF'S MOTIONS *IN LIMINE*

## DECLARATION OF KEITH J. WESLEY

I, Keith J. Wesley, declare:

1. I am an attorney for the law firm of Browne Woods George LLP, counsel of record for Plaintiff and Counter-Defendant NEUROVISION MEDICAL PRODUCTS, INC. ("Plaintiff") in the above-entitled action. I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2. I have served as the attorney for Plaintiff primarily responsible for meeting and conferring with opposing counsel regarding discovery issues. I have also reviewed a substantial portion of NuVasive's document production in this litigation and have overseen Plaintiff's document review in this litigation.

3. NuVasive produced in excess of 850,000 pages of documents in this litigation. I estimate that the majority of those pages – i.e., hundreds of thousands of documents – are wholly irrelevant to this dispute.

4. Moreover, the form of NuVasive's production created additional and what I believe was unnecessary work for Plaintiff's counsel. For example, Exhibit 12 to my declaration in support of Plaintiff's motion to compel (Doc. 79-3) is a letter that attaches an excerpt from NuVasive's production. Documents bates numbered NUV0401625-0401661 appear to be an August 18, 2008 "test report", and documents bates numbered NUV0401663-0401699 appear to be another August 18, 2008 "test report". In between these documents – which have nothing to do with the trademark issues in this case – is sandwiched NUV0401662 – which purportedly is a page from a notebook which displays the various potential marks that NuVasive considered before selecting the Neurovision mark. My understanding is that NuVasive intends to rely upon the notebook page to support its defense.

5. When meeting and conferring with NuVasive, I repeatedly requested that counsel for NuVasive either produce sales reports showing NuVasive's annual

sales revenues for its Neurovision line or identify by bates number those reports if they had already been produced. For example, appended hereto as Exhibit 1 is an April 30, 2010 email from me to counsel for NuVasive related to this subject. As another example, I again requested production of sales figures for NuVasive's Neurovision line during the July 8, 2010 deposition of Albert Pothier. My requests were repeatedly denied. On one occasion, I was told by counsel for NuVasive that Plaintiff was not entitled to the information because Plaintiff was not entitled to wrongful profits. On several other occasions, I was told by counsel for NuVasive that NuVasive had produced the information already but that NuVasive had no duty to identify for me where in the production the requested information was located.

6. It became clear to me that counsel for NuVasive was not going to cooperate with my attempts to obtain, in an efficient manner, NuVasive's annual sales of the Neurovision line. Therefore, on June 8, 2010, Plaintiff served on NuVasive a formal interrogatory seeking identification of which documents within NuVasive's over 850,000 page production set forth NuVasive's annual sales of the Neurovision line. On July 12, 2010, NuVasive served its response to Plaintiff's interrogatory. After reviewing that interrogatory response, I discovered the document that appears to set forth, in a usable format, NuVasive's annual sales of the Neurovision line. This document – bates numbered NUV0572962 – was produced by NuVasive on June 4, 2010. Initial expert reports in this matter were due on June 23, 2010.

7. NuVasive first served on me and my office a copy of the rebuttal report of Robert Wallace on July 26, 2010. NuVasive offered to make Mr. Wallace available for deposition on July 30, 2010. Due to NuVasive's initial refusal to make Mr. Wallace available on a later date, I agreed to schedule the deposition that day. Unfortunately, due to unforeseen circumstances, the deposition could not go forward that day and needed to be rescheduled, as agreed to by counsel for NuVasive. On August 3, I was informed by counsel for NuVasive that Mr. Wallace

1  would be out of town during the first two weeks of August and therefore his
2  deposition would likely need to occur during the week of August 16 or 30. I was
3  later informed that Mr. Wallace was not available during the week of August 16 but
4  was available on August 24 or 25. Neither I nor other counsel for Plaintiff were
5  available on August 24 or 25, which were not days during the weeks of August 16
6  or 30. Following further discussions with counsel for NuVasive, the Wallace
7  deposition was ultimately set for today. My understanding is that Mr. Wallace's
8  deposition was taken today.

9      I declare under penalty of perjury under the laws of the United States of
10 America that the foregoing is true and correct.

11     Executed this 3rd day of September, 2010 at Los Angeles, California.

                                              /s/ Keith J. Wesley

257468_1.DOC     -3-

DECLARATION OF KEITH J. WESLEY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE*

# EXHIBIT 1

TO SUPPLEMENTAL DECLARATION OF KEITH J. WESLEY IN SUPPORT
OF PLAINTIFF NEUROVISION MEDICAL PRODUCTS, INC.'S
MOTIONS *IN LIMINE*

NEUROVISION MEDICAL PRODUCTS, INC. v. NUVASIVE, INC.
CASE NO.: 09-cv-6988

## Keith Wesley

**From:** Keith Wesley
**Sent:** Friday, April 30, 2010 1:05 PM
**To:** 'jtaylor@mofo.com'; 'Moore, Scott'
**Subject:** Neurovision v. NuVasive

Jennifer and Scott:

Thank you for participating in the teleconference this morning. I think and remain hopeful that we can work together to resolve any outstanding discovery disputes. During the call, I touched on one issue that I would like further information on. Neurovision's Request No. 92 sought "DOCUMENTS AND THINGS (within the meaning of Rule 34, Federal Rules of Civil Procedure) sufficient to determine annual volume of sales, by unit and dollar amounts, from adoption of the mark through the present, for each product, good or service sold by you in connection with a trademark formed of or from the component term 'NEUROVISION.'" To date, I have not seen documents that set forth NuVasive's annual sales, by unit and dollar amounts, for each product marketed in conjunction with the Neurovision name. I would think that a company the size and with the resources of NuVasive could easily run a search documenting those annual sales totals per product. If I am mistaken, please let me know. Please also let me know if you believe NuVasive has already produced responsive documents, or if not, when it will do so. Please consider this a request to meet and confer on this issue. In the event that it is not self-evident, Neurovision believes the requested materials are relevant to damages and/or wrongful profits under the Lanham Act.

Regards,

Keith

EXHIBIT 1

1