UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEUROVISION MEDICAL PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> NUVASIVE, INC. and DOES 1 through 10, Inclusive, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No. 09-CV-6988 R (JEMx) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Hearing Date: March 21, 2011 <br> Hearing Time: 10:00 a.m. <br> Courtroom: 8 <br><br> Trial Date: October 19, 2010 <br><br> Before the Honorable Manuel L. Real |

275082_1.DOC

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

| | |
|---|---|
| 1 | Plaintiff Neurovision Medical Products, Inc.'s ("Plaintiff") motion for |
| 2 | attorney's fees – Doc. No. 200 – came before this Court for hearing on March 21, |
| 3 | 2011. Having considered the motions, the parties' supporting and opposing |
| 4 | documents, the pleadings and papers filed in this action, the evidence presented at |
| 5 | the trial in this matter and any argument of counsel presented at the hearing on the |
| 6 | motions, |
| 7 | IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED, but the |
| 8 | amount of the fees requested by Plaintiff is reduced, as set forth below. |
| 9 | This is an "exceptional case" under the Lanham Act because, *inter alia*, |
| 10 | defendant NuVasive, Inc. ("Defendant") infringed upon Plaintiff's trademark |
| 11 | willfully. *See Lindy Pen, Inc. v. Bic Pen Corp.*, 982 F.2d 1400 (9th Cir. 1993). |
| 12 | Accordingly, as recognized in *Classic Media, Inc. v. Mewborn*, 532 F.3d 978 (9th |
| 13 | Cir. 2008), this Court may in its discretion award Plaintiff its reasonable attorney's |
| 14 | fees. Based on the evidence presented at trial and the jury's findings, this Court |
| 15 | exercises its discretion and awards attorney's fees and costs to Plaintiff and against |
| 16 | Defendant. |
| 17 | Pursuant to *Toussaint v. McCarthy*, 826 F.2d 901 (9th Cir. 1987), it is |
| 18 | plaintiff's burden to document the hours worked and the reasonableness of |
| 19 | plaintiff's counsel's rate. It is then defendant's burden to rebut that the number of |
| 20 | hours worked and the hourly rate were reasonable. |
| 21 | Plaintiff has largely carried its burden. Defendant largely has not. Plaintiff |
| 22 | submitted competent evidence that its counsel's rates are commensurate with those |
| 23 | of attorneys of comparable skill, reputation and experience in the Central District of |
| 24 | California performing similar work. *See Welch v. Metro Life Insurance Co.*, 480 |
| 25 | F.3d 942 (9th Cir. 2007). The Court disagrees that the paralegal time claimed by |
| 26 | Plaintiff's counsel is more properly classified as secretarial work. Additionally, the |
| 27 | Court rejects Defendant's blanket allegation that all work performed by Rincon |
| 28 | Venture Law Group, after Browne Woods George appeared in the case, was |

| | |
|---|---|
| 1 | duplicative. Defendant did not carry its burden of actually identifying duplicative |
| 2 | work or time entries. That said, Rincon Venture Law Group's total fee request is |
| 3 | reduced by 10 percent to account for the redacted time entries that obfuscate their |
| 4 | subject matter. And the award is reduced by $36,669.70 for the failure to attach |
| 5 | Rincon Venture's June 2010 time records to the original moving papers. While the |
| 6 | records were attached to Plaintiff's reply papers, Plaintiff did not satisfy its burden |
| 7 | of documenting the hours expended in its motion papers. |
| 8 |     Finally, Plaintiff has adequately documented its additional claimed costs. |
| 9 | Plaintiff has shown that it is the prevailing practice to bill those costs separate from |
| 10 | an attorney's hourly rate and that its counsel in this case billed those costs separate |
| 11 | from their hourly rate. Therefore, pursuant to *Grove v. Wells Fargo Financial* |
| 12 | *California, Inc.*, 606 F.3d 577, 583 (9th Cir. 2010), the additional costs claimed by |
| 13 | Plaintiff are taxable to Defendant, and the Court exercises its discretion to tax those |
| 14 | costs to Defendant. |
| 15 |     Plaintiff claimed $1,203,663 in attorney's fees and $55,151 in additional |
| 16 | costs. For the reasons stated above, Plaintiff is awarded attorney's fees in the |
| 17 | amount of $1,132,899 and additional costs in the amount of $55,151. The clerk |
| 18 | previously awarded taxable costs to Plaintiff in the amount of $29,179.70. (Doc. |
| 19 | No. 214.) |
| 20 |     Therefore, the Court hereby orders the clerk to fill in the amount of |
| 21 | $1,217,229.70 on the blank line on page 2, line 25 of the Judgment (Doc No. 187). |

Dated: May 5, 2011  _____
The Hon. Manuel L. Real
Judge of the United States District Court

Submitted by:

RINCON VENTURE LAW GROUP
K. Andrew Kent

BROWNE WOODS GEORGE LLP
Peter W. Ross
Benjamin D. Scheibe
Keith J. Wesley


By /s/ Peter W. Ross
       Peter W. Ross
Attorneys for Plaintiff and Counter-Defendant
NEUROVISION MEDICAL PRODUCTS, INC.

275082_1.DOC                                              -3-
[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2121 Avenue of the Stars, 24th Floor, Los Angeles, California 90067.

On May 5, 2011, I served the foregoing document described as: **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** on the parties in this action by serving:

Anthony L. Press, Esq.
Scott C. Moore, Esq.
Morrison & Foerster, LLP
555 West Fifth Street
Los Angeles, CA 90013-1024

☐ **By Envelope** - by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as above and delivering such envelopes:

☐ **By Mail:** As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **By Personal Service:** I delivered such envelope by hand to the offices of the addressee(s).

☐ **By Federal Express:** I caused the envelope(s) to be delivered to the Federal Express box at 2121 Avenue of the Stars, Los Angeles, California 90067, on _____, for delivery on the next-business-day basis to the offices of the addressee(s).

☐ **By Facsimile Transmission:** On _____ at _____ _.m., I caused the above-named document to be transmitted by facsimile transmission, from fax number 310-275-5697, to the offices of the addressee(s) at the facsimile number(s) so indicated above. The transmission was reported as complete and without error. A copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

☒ **By E-Mail Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Executed on May 5, 2011, at Los Angeles, California.

☒ **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
G. Diane Torosyan